JOHN F. CAREY *vs.* CHARLES R. PENNEY.

Waldo.        Opinion October 22, 1930.

Buzzell & Thornton, for plaintiff.
McLean, Fogg & Southard, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.  Motion and exceptions. Action for money had and received. Verdict for plaintiff.

In November, 1922, defendant through an agent sold plaintiff a farm, together with certain personal property thereon, for the sum of $1,200, plaintiff paying $650 cash and agreeing to give notes secured by mortgage on the farm for the balance of the purchase price. As soon as the terms of the sale were agreed to and plaintiff had made the cash payment, he took possession of the property.

Defendant executed a deed of the farm and plaintiff executed a note and mortgage. All of the documents were left with defendant's agent, awaiting the signature of plaintiff's wife to the mortgage. It was arranged that she should come to the agent's office later in the day for that purpose and she did so but did not find him there. Later she refused to sign, claiming that certain of the personal property included in the trade had been removed from the farm by defendant, and as a consequence the deed was never delivered to plaintiff and nearly four years later his note was returned to him by defendant.

Plaintiff testified that at that time, in view of the failure of defendant to deliver the personal property which he claimed belonged to him, he "refused to carry out the trade." But he had already gone into possession of the farm and of so much of the personal property as remained thereon. He made no suggestion of placing defendant in *statu quo* nor did he demand a return of the $650 he had paid. Instead, he remained on the farm until June 1926, exercising all of the prerogatives of ownership, even to the extent of making considerable alterations in the house. He treated the personal property during that entire period as his own.

He claims that during the summer of 1923 he learned that he had been deceived as to the amount of hay which the farm produced and that he communicated the fact to defendant and to defendant's agent, but he took no action looking toward a revocation of the trade at that time.

Continuing in possession of the property, he neither revoked the contract nor attempted to carry it out. He paid nothing more to defendant. Neither did he pay taxes on the property, nor insurance, nor interest on the note, nor rental.

On April 30, 1924, defendant brought a writ of entry against plaintiff, demanding possession of the premises. This writ was entered in the Supreme Judicial Court in September 1924, and in the following year the action was discontinued, plaintiff becoming nonsuit. On March 12, 1926, defendant brought a second writ of entry which was entered at the April term of that year and defaulted by agreement. Writ of possession followed and plaintiff was ejected on June 19th following.

On April 2, 1926, prior to the opening of the April term, the writ in the instant case was brought. This action, as has been stated, was for money had and received. The following specification of claim was filed:

"SPECIFICATION: Under this count the Plaintiff will prove that the above sum of six hundred and fifty dollars was paid by the Plaintiff, John F. Carey, to Charles R. Penney, the Defendant, or to his agent, Roy C. Fish, as the first payment under a contract for the purchase of the farm and other property by the said John F. Carey, which contract the said Charles R. Penney has not carried out, or completed."

The case was tried to a jury at the September term, 1927, a verdict being rendered for plaintiff. During the trial, plaintiff offered evidence to prove false statements and pretences and misrepresentations made to him by one Roy C. Fish, an agent of the Strout Farm Company which company had been employed by Mr. Penney to negotiate the contract for sale of the farm in question. This testimony was admitted subject to defendant's objection and exception.

The case was heard by this Court and defendant's exceptions were sustained on the ground that the evidence offered was inapplicable to any issue raised by the pleadings. *Carey* v. *Penney*, 127 Me., 304.

Before the case was retried, plaintiff amended his specification by adding thereto

"Under this count the plaintiff will prove that the sum of six hundred and fifty dollars was paid by the plaintiff, John F. Carey to Charles R. Penney, the defendant, or to his agent, Roy C. Fish, as the first payment under a contract for the purchase of the farm and other property by the said John F. Carey, which contract the said Charles R. Penney has not carried out, or completed. The Plaintiff being induced to enter into said contract by certain statements and representations made to him by said defendant or his agent and a part of said statements and representations, to wit, representations as to value of the farm, productiveness of said farm, amount of standing wood on said farm, amount of standing timber on said farm, amount and kind of personal property that was to go in trade, being false, fraudulent and deceitful."

and proceeded to trial on the issues thus framed.

An action for money had and received is equitable in its nature and lies to recover any money in the hands or possession of the defendant which in equity and good conscience belongs to the plaintiff. A count in ordinary form alleging a promise in consideration of money had and received is good against demurrer though no specifications are filed; but if specifications are filed, proof is limited by them and plaintiff's claim and right to recover restricted by them. *Carey* v. *Penney*, supra, and authorities there cited.

The plaintiff in this form of action and under this specification, assumed the burden of proving that he had been defrauded in a manner and to a degree which would justify him in rescinding the contract, that he had rescinded it within a reasonable time after discovering the fraud, and, as a condition precedent to his right to rescind, that he had restored defendant to his original state or had been prevented from so doing by fault of the defendant. *Garland* v. *Spencer*, 46 Me., 528.

He might have elected another remedy. Assuming fraud, an action in tort for deceit will lie without rescission; but this is an action in assumpsit.

We need not here discuss whether or not fraud was proved. Neither need we determine whether, in taking such action as he did take, plaintiff proceeded within a reasonable time. Nor are the events which occurred after April 2, 1926, the date when this action was commenced, of any importance.

Whatever may have happened after that date, there is no evidence in the record of a rescission by plaintiff or of any attempt toward a restoration of the *status quo*, prior to that time.

For more than two months after the suit was begun, plaintiff continued in possession of the farm and had shown no intention of abandoning it. He made all possible use of the personal property as long as any of it existed and at no time did he return it or offer to do so, replace it, or account for it to defendant.

The verdict must have been based upon the theory that at the time the writ was brought, plaintiff had rescinded the contract. There is no evidence in the record supporting such a conclusion.

In this view of the case, it is unnecessary to discuss the exceptions.

*Motion sustained.*